# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADT SERVICES AG, a Swiss corporation and ADT SECURITY SERVICES, INC., a Delaware corporation,<br><br>                                    Plaintiffs,<br><br>    vs.<br><br><br>Michael Hilwey,<br><br>                                    Defendant. | CASE NO. 10-CV-1812-H (WVG)<br><br>**ORDER**<br><br>(1) **GRANTING DEFENDANT MICHAEL HILWAY'S MOTION TO SET ASIDE DEFAULT**<br><br>**(2) DENYING PLAINTIFF ADT'S MOTION FOR DEFAULT JUDGMENT** |

On August 31, 2010, Plaintiffs ADT Services AG and ADT Security Services, Inc. ("ADT") filed a complaint against Michael Hilway (erroneously sued as Michael Hilwey) ("Hilway"). (Doc. No. 1.) On October 8, 2010, ADT filed a request for entry of Clerk's default against Defendant Hilway because Hilway had failed to plead or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. (Doc. No. 14.) On October 12, 2010, the Clerk entered default against Defendant. (Doc. No. 15.) On November 5, 2010, Plaintiff ADT filed a motion for default judgment and permanent injunction. (Doc. No. 16.) A motion hearing was set for December 13, 2010. On November 8, 2010, the Court entered a preliminary injunction against Defendant Hilway. (Doc. No. 20.)

On December 7, 2010, Defendant Hilway filed a motion to set aside default. (Doc. No. 21.) On December 8, 2010, the Court ordered that the motion to set aside default be treated as Defendant's opposition to the motion for default judgment and set a hearing on both the motion to set aside default and motion for default judgment for December 13, 2010. (Doc. No. 22.) On December 10, 2010, Plaintiff ADT filed its response in opposition to the motion to set aside default. (Doc. No. 23.) The Court held a hearing on the matter on December 13, 2010. Jeff Goldman appeared on behalf of Plaintiff ADT. Samy Henein appeared telephonically on behalf of Defendant Hilway.

Under Federal Rule of Civil Procedure 55(c), a court may set aside a default for "good cause." To determine whether good cause exists, courts should consider three factors: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)); Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (citation and quotation marks omitted).

Hilway contends that his default was the result of mistake and that it should be set aside based upon a finding of excusable neglect and lack of prejudice. (Doc. No. 21.) Exercising its discretion and considering the arguments and evidence presented by the parties, the Court concludes that setting aside the default against Defendant Hilway is appropriate. Accordingly, the Court GRANTS Defendant Hilway's motion to set aside default and the Court DENIES Plaintiff ADT's motion for default judgment without prejudice. Defendant Hilway is directed

///
///
///
///

1 | to answer or otherwise respond to the complaint on or before December 15, 2010.  The Court's
2 | November 8, 2010 preliminary injunction order remains in effect against Defendant Hilway.
3 | **IT IS SO ORDERED**.
4 | DATED: December 13, 2010

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT